**James E. LOFLAND, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23458.**

United States Court of Appeals
Ninth Circuit.

Jan. 7, 1970.

James E. Lofland, in pro. per.

Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and PLUMMER, District Judge.*

PER CURIAM:

Lofland was convicted of one offense proscribed by 18 U.S.C. § 1343 and three offenses proscribed by 18 U.S.C. § 2315. His appeal to our court was unsuccessful. Lofland v. United States, 357 F.2d 472 (9th Cir. 1966), cert. denied, 385 U.S. 1026, 87 S.Ct. 755, 17 L.Ed.2d 675 (1967). Thereafter, he filed a motion, pursuant to 28 U.S.C. § 2255, attacking the judgments of conviction. The District Court denied the motion without having conducted an evidentiary hearing, and Lofland appeals.

As we understand Lofland's claims, presented in papers apparently prepared by himself, they are three: (1) That he was illegally arrested in the beginning, his arrest having followed an illegal entry into his place of dwelling. (2) That a search and seizure conducted by police officers, after their alleged illegal entry, was constitutionally impermissible. (3) That the arresting officers improperly deprived Lofland of his right to consult with counsel.

In our court's original opinion, the first two questions presented by Lofland were considered, discussed, and rejected. 357 F.2d at 476, 477. The third contention was also discussed by our court but not with respect to Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), upon which case Lofland now relies. Escobedo was decided on June 22, 1964, and the Supreme Court thereafter held that Escobedo is applicable to those cases in which the trials began after the date of the Escobedo decision. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Lofland's trial commenced on February 23, 1965; hence, Escobedo is applicable. As noted in our disposition of Lofland's first appeal, however, no claim of infringement of the Escobedo right was presented during the trial, and Lofland was represented by counsel at that time. Furthermore, the section 2255 motion contains no precise allegation which defines how, if at all, Lofland was prejudiced by the alleged deprivation of his right to counsel. In these circumstances, the District Court's judgment should be, and it hereby is,

Affirmed.[1]

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

[1]. This appeal was scheduled to be orally argued on November 7, 1969. On November 5, 1969, the Clerk of this court received a written motion from the appellant, who is confined, that the court order that he be permitted to appear personally and argue his appeal. This motion reached the attention of the judges of the court on November 6, 1969, the day before the scheduled date for the argument. The court determined that the cause should not be continued and that, accordingly, the motion should be denied; however, it has not hitherto issued a formal order to that effect. No oral argument was presented in behalf of the Government.

The appellant's motion that he be permitted to appear personally and present oral argument in support of his appeal is denied, nunc pro tunc.